IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN S. HILL, ) | 1:08-cv-00235 AWI GSA |
| ) | |
| Plaintiff, ) | ORDER REGARDING MOTION |
| ) | FOR LEAVE TO TAKE CLASS |
| ) | DISCOVERY |
| vs. ) | (Document 21) |
| ) | |
| U. S. FINANCIAL MORTGAGE ) | |
| CORPORATION, and DOES 1 through 10, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Ann S. Hill, on behalf of herself and all others similarly situated, ("Plaintiff"), filed the instant motion for leave to take class discovery on September 5, 2008. No opposition was filed. The Court considered the matter on the record and without oral argument.

**PROCEDURAL BACKGROUND**

Plaintiff filed a class action complaint against U.S. Financial Mortgage Corporation ("U.S. Financial") on February 15, 2008, alleging causes of action for (1) violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*; (2) Violation of Bus. & Prof. Code § 17200, *et seq.* - "Unlawful" Business Practices (TILA); (3) Fraudulent Omissions; (4) Violation of Bus. & Prof. Code § 17200, *et seq.* - "Unfair" and

-1-

1  "Fraudulent" Business Practices; (5) Breach of Contract; (6) Tortious Breach of the
2  Covenant of Good Faith and Fair Dealing; and (7) Violation of Bus. & Prof. Code §
3  17200, *et seq.* - "Unalwful" Business Practices (Fin. Code § 22302).  (Doc. 1).  On May
4  12, 2008, Plaintiff filed a first amended complaint.  (Doc. 12).
5       U.S. Financial did not respond to either complaint.
6       On July 17, 2008, Plaintiff requested entry of default against U.S. Financial.
7  (Docs. 15 and 16).  On July 18, 2008, the Clerk of the Court entered default as to U.S.
8  Financial.  (Doc. 18).
9       On August 13, 2008, Plaintiff's counsel appeared for a scheduling conference.  No
10  one appeared on behalf of U.S. Financial.  As Plaintiff requested class action discovery,
11  the Court ordered Plaintiff to file a motion for leave to conduct such discovery.  (Doc.
12  20).
13       On September 5, 2008, Plaintiff filed the instant motion to conduct discovery.
14  (Doc. 21).

## FACTUAL BACKGROUND

16       According to the first amended complaint, Plaintiff Hill, who was residing in
17  Mokelumne, California, refinanced her existing home loan and entered into an Adjustable
18  Rate Mortgage ("ARM") loan agreement with U.S. Financial in June 2006.  The loan was
19  secured by Plaintiff's primary residence.  Plaintiff contends that U.S. Financial sold the
20  loan based on the promise of a low, fixed interest rate, but Plaintiff was charged a
21  different, greater rate.  In addition, the loan caused negative amortization to occur and
22  included an onerous prepayment penalty.
23       Plaintiff was told that she was being sold a home loan with a low interest rate of
24  between 1% and 3%, and that the interest rate was fixed for the first three to five years of
25  the loan.  Plaintiff believed that if payments were made based on the promised low
26  interest rate, and as reflected in the written payment schedule provided by U.S. Financial,
27  then the loan was a no negative amortization loan.  Plaintiff reasonably believed that she
28  would be able to refinance her loan and get a new loan before her scheduled payments

increased after the three to five year fixed interest period.

The amended complaint alleges that U.S. Financial stated that negative amortization was a possibility that would occur only if the payments were not sufficient and that U.S. Financial failed to disclose that the loan's principal balance would increase if the payment schedule was followed, rendering it impossible to refinance the loan at or around the time the prepayment penalty expired and/or by the time the interest and payment rates re-set.  Plaintiff alleges that the ARM loans resulted in significant loss and damage to Plaintiff (and class members), including the loss of home equity.

Plaintiff seeks to represent the following classes:

> **The California Class**: All individuals who, within the four year period preceding the filing of Plaintiff's Complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendants on their primary residence located in the State of California.  Excluded from the California Class are Defendant's employees, officers, directors, agents, representatives, and their family members; and
>
> **The National Class**: All individuals in the United States of America who, within the four year period preceding the filing of Plaintiff's complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendants on their primary residence located in the United States of America.  Excluded from the National Class are Defendants' employees, officers, directors, agents, representatives, and their family members.

Plaintiff's First Amended Complaint ("FAC"), at ¶ 45.

> Plaintiff also asserts that an appropriate national sub-class exists as follows: All individuals in the United States of America who, within the three year period preceding the filing of Plaintiff's complaint through the date notice is mailed to the Class, received an Option ARM loan through Defendants on their primary residence located in the United States of America.  Excluded from the National sub-Class are Defendants' employees, officers, directors, agents, representatives, and their family members.

FAC, at ¶ 45.

### DISCUSSION

Plaintiff moves pursuant to Rule 26 for an order permitting her to take discovery of "current or former officers, executives and employees" of U.S. Financial, who may have information concerning the ARM loans sold by U.S. Financial during the liability period and class certification issues.

Plaintiff seeks discovery for two purposes.  The first is related to determining

1  whether there are other parties that should be joined in the instant action.  Plaintiff
2  believes that U.S. Financial has sold or assigned many of the involved loans to other
3  entities who may be liable.  15 U.S.C. § 1641 provides that any person who purchases, or
4  is assigned, a mortgage is subject to all claims and defenses with respect to the mortgage.
5  Plaintiff therefore seeks discovery related to the identity of each such subsequent
6  purchaser or assignee of the ARM loans U.S. Financial sold during the putative class
7  period.
8         Second, Plaintiff seeks discovery related to class certification issues, pointing out
9  that a motion for class certification will be necessary before default judgment can be
10 entered on behalf of the class.  Plaintiff believes that U.S. Financial's current or former
11 corporate officers, executives and employees have, or are likely to have, information
12 concerning (1) the number of Option ARM loans sold to borrowers during the liability
13 period; (2) the location of loan documents and other relevant information concerning U.S.
14 Financial's loan practices during the liability period; and (3) certification issues.
15        In light of the fact that there has been no opposition to the instant motion, and
16 because discovery may lead to joinder of additional defendants, the Court GRANTS
17 Plaintiff's motion.  Plaintiff is further ORDERED to file a status report no later than
18 April 1, 2009.

27    IT IS SO ORDERED.
28 **Dated:   December 11, 2008**                         **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE